# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JIM DENNANY,<br>    Plaintiff,<br><br>v.<br><br>KNIGHTS OF COLUMBUS,<br>    Defendant. | No. 3:10cv1961 (SRU) |

## RULING ON MOTION TO DISMISS

The Knights of Columbus ("Knights") moves to dismiss Jim Dennany's complaint, which alleges that Knights is liable in negligence for the sexual abuse Dennany experienced in the mid-1970s as a participant in the Columbian Squires (the "Squires"), Knights' youth program. Because Dennany's claims are barred by the statute of limitations, Knights' motion to dismiss is granted.

## I.    Background

The following facts are drawn from the complaint and are assumed to be true for the purposes of this motion. Dennany, the plaintiff, was born in 1961 in Texas, where he continues to reside to this day. Knights, the defendant, is a Connecticut corporation operating as a Catholic fraternal benefit organization. Knights' members are Roman Catholic men over the age of 18, although Knights offers a youth program, the Squires, which provides services to boys between the ages of 10 and 18. Each local chapter of the Squires is overseen by a Knights member.

Dennany began participating in the Brownsville, Texas Squires chapter in 1973, when he was 12 years old. Dennany's adult supervisor was Julian Rivera. On a Squires trip to Houston, Texas in 1973, Rivera forced Dennany to sleep in his hotel bed. During that same trip, Rivera provided Dennany and other children intoxicating amounts of alcohol. Until approximately 1977, while Dennany was between the ages of 12 and 16, Rivera supplied Dennany with

pornography, including depictions of homosexual activity. On one of those occasions, when Dennany was 14, Rivera sexually abused Dennany by making Dennany fondle him. The complaint also generally alleges that "[o]n multiple occasions afterward, [Dennany] was sexually abused by Rivera. The abuse eventually ended when [Dennany] was approximately 16 years old." Cmplt. ¶ 15 (doc. # 1).

Dennany alleges, based on information and belief, that before and during his abuse, Knights was aware that adult supervisors of the Squires were in a position where they could sexually abuse children and, moreover, that Rivera had a "history of sexual perversity and inappropriate contacts with children . . . [and], after finding out that Rivera was a sexual predator, the Knights of Columbus actively took steps to conceal its knowledge of Rivera's sexual propensities to protect itself from civil liability and scandal." *Id.* ¶ 17. The complaint continues that, in 1986, Knights became aware that Rivera had sexually abused another boy, but concealed that information and intimidated the victim from making his allegations of abuse public. *Id.* ¶ 19.

Rivera remained active with the Squires until 2009. *Id.* According to the complaint, "[u]ntil 2010, [Dennay] was unaware that he had any cause of action for negligence against the Knights of Columbus." *Id.* Knights purportedly had a fiduciary duty to Dennany while he was a member of the Squires, and that duty required Knights to investigate and warn Dennany that Rivera might harm him. Dennany alleges that Knights was negligent and breached that fiduciary duty when it failed to investigate and warn Dennany about Rivera's pedophilia, created an "environment which fostered child sexual abuse," and failed to implement adequate policies and procedures to protect children under its supervision. *Id.* ¶¶ 27-33.

## II.     Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed

"merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 129 S. Ct. at 1940 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). *Plausibility* at the pleading stage is nonetheless distinct from *probability*, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (quotation marks omitted).

## III. Discussion

Knights makes two arguments for dismissal of this case. First, Knights argues that Dennany's negligence action is barred by both Texas's and Connecticut's statute of limitations. And, second, the organization maintains that, when the conclusory statements are stripped from Dennany's complaint, Dennany has failed to come forward with plausible allegations

establishing a claim on which relief can be granted. Because Dennany has failed to plead facts showing that his negligence claim is timely, which justifies granting Knights' motion, I only address the defendant's first argument for dismissal.

The court has diversity jurisdiction in this case and, therefore, applies the choice-of-law rules of Connecticut, the forum in which it sits. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)). Connecticut applies the substantive law of the state with the most significant relationship to the lawsuit. *Jaiguay v. Vasquez*, 287 Conn. 323, 349 (2008). Here, it is uncontested that Texas has the most significant relationship: the plaintiff is a Texas resident, the abuse allegedly occurred in Texas, and the plaintiff and defendant's relationship has been based entirely in Texas. *See id.* at 352 ("'Contacts to be taken into account . . . to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.'" (quoting Restatement (Second) of Conflict of Laws § 145(2))). By contrast, the only connection that Connecticut appears to have to this case is the defendant's place of incorporation.

Although it is clear that Texas law governs this case, it remains disputed whether Texas law controls the applicable statute of limitations. Statutes of limitations are deemed "procedural" under Connecticut law and, therefore, Connecticut courts traditionally apply Connecticut's statute of limitations when the plaintiff is pursuing a common-law cause of action. *Stuart & Sons, L.P. v. Curtis Pub. Co.*, 456 F. Supp. 2d 336, 343 (D. Conn. 2006). Nevertheless, there have been several recent district court decisions rejecting the traditional approach and instead applying the statute of limitations of the state with the most significant relationship to the suit,

consistent with the Restatement (Second) of Conflict of Laws. *See Phillips v. Scott*, 446 F. Supp. 2d 70, 83 n.25 (D. Conn. 2006) (noting "emerging trend" for courts to apply statute of limitations of state with most significant relationship and applying California's shorter statute of limitations, but concluding that the plaintiff's claim would be barred under either California's or Connecticut's limitations period); *Benefits Concepts N.Y., Inc. v. New England Life Ins. Co.*, No. 3:03cv1456 (DJS), 2004 WL 1737452 (D. Conn. July 30, 2004) (applying New York's statute of limitations without discussing traditional rule of applying Connecticut's statute of limitations in common law actions).

The parties argue at length whether the Connecticut or Texas statute of limitations applies. In the end, however, that debate is inconsequential because Dennany's negligence claim is barred by both states' statutes of limitations. Texas imposes a five-year statute of limitations for personal injury claims arising from intentional sexual abuse. Tex. Civ. Prac. & Rem. Code Ann. § 16.0045. Other personal injury claims, including those premised on the defendant's negligence, are subject to a two-year statute of limitations. *Id.* § 16.003(a); *Valverde v. Biela's Glass & Aluminum Prods., Inc.*, 293 S.W.3d 751, 753 (Tex. App. 2009). Recently, in a case of first impression and on facts similar to those Dennany alleges, the Texas Court of Appeals held that the state's five-year limitations period applied in an action against a third party for negligently permitting an employee to sexually assault the plaintiff.[1] *Stephanie M. v. Coptic Orthodox Partriarche Diocese of S.U.S.*, ____ S.W.3d ____, 2011 WL 1761353, at *4 (Tex. App. Mar. 17, 2011). By contrast, Connecticut has a 30-year statute of limitations for personal injuries relating to sexual abuse, including negligence claims against third parties. Conn. Gen.

---

[1] The parties in this litigation agreed that Texas would apply its general two-year statute of limitations to this case. *Stephanie M.* indicates that Dennany would be entitled to the five-year statute of limitations.

Stat. § 52-577d. Both the Texas and Connecticut statutes of limitations do not begin to run — or, phrased differently, a plaintiff's injury does not accrue — until the plaintiff has reached the age of majority. *See id.* ("[N]o action to recover damages for personal injury to a minor . . . caused by sexual abuse . . . may be brought by such person later than thirty years from the date such person attains the age of majority."); Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (defining minors as being "under a legal disability" and mandating that "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period").

Under both states' statutes of limitations, Dennany's claims are time-barred. Dennany alleges that his abuse ended when he was 16, or in approximately 1977. He turned 18 in 1979, at which point his statute of limitations period commenced. This lawsuit was filed in 2010 — or 31 years later. Under Texas law, Dennany's limitations period expired in 1984, and under Connecticut law, Dennany's limitations period expired in 2009. Regardless of which statute applies, therefore, Dennany's suit must be dismissed unless there is a basis for tolling the limitations period.

Dennany argues that the limitations period should be tolled because Knights fraudulently concealed its negligence. Texas and Connecticut both recognize fraudulent concealment as a basis for tolling statutes of limitations. Under Texas law:

> Fraudulent concealment is based upon the doctrine of equitable estoppel. In the proper case, invocation of fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim. Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence.

*Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983); *Doe v. Linam*, 225 F. Supp. 2d 731, 736

(S.D. Tex. 2002). "In order for a plaintiff to utilize the effects of this doctrine, he must show: (1) the defendant had actual knowledge of the wrong, (2) a duty to disclose the wrong, [and] (3) a fixed purpose to conceal the wrong." *Twist v. Lara*, No. M-06-313, 2007 WL 2088363, at *5 (S.D. Tex. July 19, 2007) (quotation omitted).

Connecticut has defined its fraudulent concealment doctrine in comparable terms. The state's fraudulent concealment statute provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Conn. Gen. Stat. § 52-595.

> [I]n order to benefit from the § 52-595 tolling provision, a plaintiff must demonstrate: "(1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that [sic] defendant's intentional concealment of these facts from the plaintiffs; and (3) that [sic] defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action."

*Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 419 (2d Cir. 1999) (quoting *Bartone v. Robert L. Day Co.*, 232 Conn. 527, 533 (1995)). A twist in Connecticut law that does not appear to be present in Texas's fraudulent concealment doctrine arises when the defendant owes a fiduciary duty to the plaintiff. Under Connecticut law, once the plaintiff demonstrates that the defendant was a fiduciary the burden shifts to the defendant to disprove that one of the three elements of fraudulent concealment is present. *Id.* at 420. But, although the burden of proof may shift, there is nothing in Connecticut caselaw to suggest that the initial burden of *pleading* fraudulent concealment rests with any party other than the plaintiff. *See Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 265 (D. Conn. 2009), *aff'd*, 378 F. App'x 109 (2d Cir. May 26, 2010) (summary order) (holding that plaintiff had burden to plead fraudulent concealment in case where the defendant allegedly owed a fiduciary duty).

What Texas and Connecticut further have in common is that, in order to toll a statute of limitations for fraudulent concealment, the plaintiff must prove that he did not know the facts supporting his cause of action. In other words, the plaintiff cannot toll a limitations period based on the defendant's fraudulent concealment if the plaintiff already discovered the facts establishing the defendant's liability. *See Martinelli*, 196 F.3d at 427 ("Although [Conn. Gen. Stat.] § 52-595 does not explicitly say so, it clearly implies that plaintiff's ignorance of the facts is a necessary element of tolling under the statute. A statute that tolls a limitations period because of the defendant's fraudulent concealment of a fact or facts obviously operates for the benefit of those — and we think *only* those — who are not aware of the facts that have been concealed."); *Borderlon*, 661 S.W.2d at 909 ("The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action. Knowledge of such facts is in law equivalent to knowledge of the cause of action."). Once a plaintiff is aware of facts that the defendant allegedly concealed, the limitations period begins to run.

Dennany has not pled sufficient facts to toll the statute of limitations under either Texas or Connecticut law. Dennany's shortcoming is that he has not pled that he was unaware of the facts giving rise to his negligence claim against Knights. All that Dennany has asserted is that "[u]ntil 2010, Plaintiff was unaware that he had any cause of action for negligence against the Knights of Columbus." Cmplt. ¶ 19. That statement is, at best, conclusory and "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950; *accord Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). At worst, it is belied by the other facts in the complaint. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (holding that plaintiff's general

allegations are not accepted as true when "contradicted . . . by more specific allegations in the Complaint").

Dennany alleges that he was the victim of abuse between 1973 and 1977, and that Knights, both at that time and certainly as of 1986, was aware that Rivera posed a risk to boys under his supervision. But Dennany does not allege that he did not know he was the victim of abuse at the time he was abused or in the subsequent years. Dennany's action is therefore unlike other fraudulent concealment cases in which a plaintiff has demonstrated that, because of his youth and the abuse he suffered, the plaintiff repressed all memory of the facts supporting his claim. *Cf. Martinelli*, 196 F.3d at 415, 428 (describing plaintiff's claim that "he had no recollection of the abuse he suffered . . . until a conversation with a childhood friend in October 1991 sparked his memory of events," and remanding to district court for new trial in which the plaintiff had the burden of proving his ignorance). In fact, under Texas law, it appears that merely suppressing memories is insufficient to demonstrate a plaintiff's lack of knowledge for the purposes of fraudulent concealment. A plaintiff like Dennany, rather, must prove that his ignorance was the product of the defendant's deception. *See S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996) (noting that plaintiff could not toll statute of limitations based on fraudulent concealment because she "was not deceived into thinking that she was not being abused when she was," but had been "fully aware of the episodes of abuse, so painfully so that she repressed all memory of them for years"); *accord Doe v. Catholic Soc'y of Religious & Literary Educ.*, Civ. No. H-09-1059, 2010 WL 345926, at *19 (S.D. Tex. Jan. 22, 2010) (holding that plaintiff could not toll statute of limitations based on defendant's fraudulent concealment because he did "not allege that he was deceived into thinking that he was not abused").

Dennany counters that, although he was aware of his own abuse, he did not know that

Rivera's misconduct was reasonably foreseeable to Knights. In other words, he maintains that, although he knew facts establishing Rivera's personal liability, he was unaware of those facts giving rise to Knights' third-party liability for negligently supervising Rivera. That argument, however, is not adequately supported by the pleadings. The complaint includes no factual statements explaining what Dennany subsequently learned with respect to Knights' negligence between 1973 and 1977, the period of his abuse, that he did not already know or could not have previously pled based on information and belief. Indeed, had Dennany commenced this lawsuit based on what he knew in 1979, when his cause of action accrued, his complaint would have looked virtually identical to the document he filed 31 years later.

The only new fact that Dennany claims to have learned since 1979 is that, in 1986, Knights was informed of another incident of sexual abuse involving Rivera, which Knights concealed from the public. Cmplt. ¶ 19. That information, however, is irrelevant to Dennany's claim of negligence against Knights. What Knights learned in 1986 does not establish that Knights was negligent under Texas law with respect to Dennany between 1973 and 1977 because information Knights acquired about Rivera in 1986 does not bear on its negligent supervision of Rivera beforehand. *See Catholic Soc'y*, 2010 WL 345926, at *9 ("Absent any evidence of a known or reasonably foreseeable risk, a defendant as a matter of law cannot be liable for negligently failing to take reasonable precautions to protect against that risk."); *Zarzana v. Ashley*, 218 S.W.3d 152, 158 (Tex. App. 2007) (holding that, in negligent supervision case, "sufficient evidence must exist indicating that the defendant knew or should have known of the employee's incompetence or potential for causing harm" in order to establish that "negligence in supervising the employee is the proximate cause of the injuries to the plaintiff"). Put differently, even assuming that Knights withheld information regarding Rivera's abuse of another boy in

1986, Dennany could still have filed this same lawsuit at an earlier point in time. Dennany did not need the 1986 information to file his current negligence claim against Knights.

Dennany has insufficiently pled that, before he filed his complaint, he was ignorant of facts establishing the cause of action that Knights negligently supervised Rivera at the time of Dennany's sexual abuse. On the contrary, the complaint posits that, since 1979, Dennany has known that Rivera abused him, that Rivera was associated with Knights and was trusted with supervising members of the Brownsville, Texas Squires, and that Knights owed Dennany a fiduciary duty. The sum of those facts was sufficient for Dennany to file his negligence claim, based on information and belief, when he turned 18 and his injury accrued. Under both Texas and Connecticut law, Dennany's negligence claim is untimely.

In addition, Knights' motion must be granted because Dennany's complaint lacks the particularity required by the Federal Rules of Civil Procedure to toll the statute of limitations based on Knights' fraudulent concealment. "[A] claim of fraudulent concealment must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure." *Chien*, 623 F. Supp. 2d at 265; *see generally Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action. 'While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule.'" (quoting *Hayduk v. Lana*, 775 F.2d 441, 443 (1st Cir. 1985))). Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Dennany's theory for tolling the statute of limitations is that Knights was a fiduciary to Dennany and had a corresponding duty to inform him of the facts of its own wrongdoing — a duty that Knights breached by fraudulently concealing its negligence. *See Martinelli*, 196 F.3d at 422 ("Indeed, the possible concealment of a fiduciary's own wrongdoing egregious enough to give rise to a legal claim seems particularly the type of behavior that the law requires the fiduciary to explain."). But Rule 9(b) obligates Dennany to "(1) detail the statements (or omissions) [he] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (quotation omitted). Dennany has not met that heightened pleading standard.

Dennany offers only conclusory allegations that Knights intentionally and fraudulently concealed its knowledge of Rivera's pedophilia. In the complaint, Dennany alleges that, before he was abused, Knights was "aware that adult leaders used the Columbian Squires to gain access to boys for purposes of pedophilia" and was "familiar with the specific characteristics, patterns of behavior and 'red flags' that suggested an adult leader had a sexual interest in boys," Cmplt. 16; and "[u]pon information and belief, at all relevant times, the Knights of Columbus had knowledge of Rivera's history of sexual perversity and inappropriate contacts with children . . . [and] actively took steps to conceal its knowledge of Rivera's sexual propensities to protect itself from civil liability and scandal," *id.* ¶ 17.

Those statements, however, do not offer articulable facts that Knights knew and concealed from Dennany. They are, instead, legal conclusions. For example, the naked assertion that Knights was aware of Rivera's "red flags" does not tell the court what those red flags were, when Knights knew of them, when Dennany learned of them, and how Dennany did

so. Such conclusory statements are insufficient for the purposes of Rule 9(b). *See OBG Technical Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 508 (D. Conn. 2007) (holding that a complaint's recitation "in a conclusory manner the legal conclusion" that the defendant had fraudulently concealed information from the plaintiff did not satisfy either *Twombly*'s plausibility threshold or "the heightened standards of Rule 9(b)").

Finally, to the extent Dennany relies on Knights' purported concealment of what it learned in 1986 in order to satisfy Rule 9(b), his complaint should still be dismissed. Dennany cites *Martinelli* for the proposition that the statute of limitations must be tolled if the defendant "concealed actual awareness of facts that created a *likely potential for harm*, especially if the defendant was a fiduciary for the likely victim." 196 F.3d at 426 (emphasis in original). The *Martinelli* Court concluded that an alleged fiduciary, such as Knights, "has a duty to investigate and to warn possible *past* and future victims of the harm" once it becomes aware that a person in its employ previously assaulted another individual in its care. *Id.* (emphasis added). In *Martinelli*, the Court of Appeals held that a past victim of sexual abuse, such as Dennany, faced the potential harm of being "prevented . . . from receiving the treatment he required, thereby exacerbating his injury," thus giving rise to the fiduciary duty to inform. *Id.*

In this case, however, Dennany has not pled that Knights' failure to disclose what it knew in 1986 exacerbated his injury by preventing him from obtaining treatment. On the contrary, Dennany has known since he was abused by Rivera that he experienced serious harm that could require counseling and other treatment. Not only is what Knights learned in 1986 irrelevant to Dennany's claim of negligence; it is also irrelevant to Dennany's claim of fraudulent concealment because he knew all along the facts necessary to file this suit and otherwise obtain the treatment he needs. As the *Martinelli* Court held, "there can plainly be no effective tolling

for a plaintiff who was aware of the existence of his or her cause of action from the time the claim originally accrued." *Id.* at 427. Dennany's complaint therefore does meet Rule 9(b)'s pleading standard: his allegations of fraudulent concealment are either not particular enough or are inconsequential because he has known of his injuries since the abuse occurred.

## IV. Conclusion

Even accepting that Dennany was the victim of Rivera's abuse, Dennany has never been the victim of Knights' fraudulent concealment. For that reason, his negligence claim against Knights is untimely. Dennany's complaint fails to state a plausible set of facts showing he was ignorant of his abuse and the likelihood that Knights' negligence was responsible for his injury. Rather, Dennany could have filed a nearly identical complaint at any point after 1979, the date his injury accrued. In the alternative, Dennany's complaint lacks the particularity required by Rule 9(b) for a claim of fraudulent concealment, and he is not entitled to a tolling of the statute of limitations. The court declines to permit Dennany leave to re-plead, as generally allowed for dismissal under Rule 9(b), *see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007), because "amendment would be futile," *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006).

The motion to dismiss (doc. # 15) is GRANTED. The clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 10th day of August 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge